FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2018 APR 18 PM 1:07
CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EVANS IHENACHOR,

 Plaintiff,

v.

STATE OF MARYLAND, *et al.*,

 Defendants.

Civ. Action No. RDB-17-3134

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

*Pro se* Plaintiff Evans Ihenachor ("Plaintiff" or "Ihenachor") has filed this action against Defendants State of Maryland, Queen Anne's County, Circuit Court for Queen Anne's County, Queen Anne's County Office of Child Support Enforcement, and Judge Frederick Price (collectively, "Defendants"), stemming from a child custody order granting Ihenachor and the mother of his child joint legal custody, but awarding primary physical custody to the mother and requiring Ihenachor to pay monthly child support. *Ihenachor v. Martin*, Case No. 17-C-15-019740 (Circuit Court for Queen Anne's County); *Ihenachor v. Martin*, Case No. 2673, 2016 WL 7189897 (Md. Ct. Spec. App. Dec. 9, 2016). Currently pending before this Court is Defendants State of Maryland, Circuit Court for Queen Anne's County, Queen Anne's County Office of Child Support Enforcement, and Judge Frederick Price's Motion to Dismiss (ECF No. 6) and Defendant Queen Anne's County's Motion to Dismiss (ECF No. 8.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, both Motions to Dismiss (ECF Nos. 6 and 8) are GRANTED and Plaintiff's claims are DISMISSED.

1

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Further, as a *pro se* Plaintiff, this Court has "liberally construed" Ihenachor's pleadings and held them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Alley v. Yadkin County Sheriff Dept.*, No. 17-1249, __ Fed App'x __, 2017 WL 4415771 (4th Cir. Oct. 5, 2017). In January of 2014, Ihenachor entered into a sexual relationship with a woman not a party to this case. (ECF No. 1-1 at 5.) The couple never married, and in September of 2014 had a child. (*Id.*) After a series of disputes, Plaintiff filed for child custody on March 2, 2015 in the Circuit Court for Queen Anne's County. (*Id.*) A trial on the issues of physical custody, legal custody, and child support began on November 23, 2015. *Ihenachor v. Martin*, Case No. 2673, 2016 WL 7189897, at *1 (Md. Ct. Spec. App. Dec. 9, 2016). Many individuals testified during the trial, including Ihenachor, the mother of the child, and additional family members. *Id.* At the conclusion of the trial, Defendant Judge Prince announced that:

> In this case, I find it's in this child's best interests that the parents have joint legal custody. I do think it's appropriate, in this case, I find that it's appropriate for the mother to have primary physical custody with ample visitation to the father. I find, quite simply, actually, [appellee counsel's] suggestion for weekly visitation is reasonable.

*Id.* at *3. Plaintiff appealed to the Maryland Court of Special Appeals, which affirmed the Circuit Court on December 9, 2016. *Id.* Plaintiff then filed his thirteen count complaint in

2

this Court under 42 U.S.C. §1983, seeking declaratory relief, compensatory and punitive damages, and attorney's fees.[1] He alleges several violations of his First, Fourth, and Fourteenth Amendment rights in addition to bringing various miscellaneous claims.

## STANDARD OF REVIEW

I. Motion to Dismiss Pursuant to Rule 12(b)(1)

Defendants assert that Plaintiff's claims are barred for multiple reasons, including under the *Rooker-Feldman*[2] doctrine and because Defendants are entitled to immunity under the Eleventh Amendment. Because both arguments challenge this Court's ability to hear this case, they are properly considered under Federal Rule of Civil Procedure 12(b)(1). *See Davani v. Virginia Dept. of Transp.*, 434 F.3d 712 (2006) (reviewing the district court's dismissal of the plaintiff's claims under *Rooker-Feldman* for lack of subject matter jurisdiction); *see also Beckham v. National R.R. Passenger Corp.*, 569 F.Supp.2d 542 (D. Md. 2008) ("[A]lthough Eleventh Amendment immunity is not a 'true limit' on this Court's subject matter jurisdiction, . . . the Court concludes that it is more appropriate to consider this argument under Fed. R. Civ. P. 12(b)(1) because it ultimately challenges this Court's ability to exercise its Article III power.").

A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F.Supp.2d 792, 799 (D. Md. 2005). Under Rule 12(b)(1), the plaintiff bears the

---

[1] Plaintiff is *pro se* and is therefore not entitled to attorney's fees. *Kay v. Ehrler*, 499 U.S. 432, 435 (1991) ("The Circuits are in agreement, however, on the proposition that a *pro* se litigant who is *not* a lawyer is *not* entitled to attorney's fees.") (emphasis in original).

[2] As explained in more detail below, the *Rooker–Feldman* doctrine bars lower federal courts from considering issues raised and decided in state courts in addition to "issues that [we]re 'inextricably intertwined' with the issues that were before the state courts." *Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2009) (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983)).

burden of proving, by a preponderance of the evidence, the existence of subject matter jurisdiction. *Demetres v. East West Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). A challenge to jurisdiction under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted).

## II. Motion to Dismiss Pursuant to Rule 12(b)(6)

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). While a complaint need not include "detailed factual allegations," it must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff cannot rely on bald accusations or mere speculation. *Twombly*, 550 U.S. at 555.

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from

4

those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Hall v. DirectTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017). However, a court is not required to accept legal conclusions drawn from those facts. *Iqbal*, 556 U.S. at 678. "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012). A *pro se* plaintiff's pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Alley v. Yadkin County Sheriff Dept.*, No. 17-1249, __ Fed App'x __, 2017 WL 4415771 (4th Cir. Oct. 5, 2017). However, even a *pro se* litigant's complaint must be dismissed if it does not allege a "plausible claim for relief." *Iqbal*, 556 U.S. at 679.

## ANALYSIS

Ihenachor's case may not proceed in this Court for a number of reasons. This Court begins by noting that Plaintiff's claims involve matters of family law, and such issues have traditionally been reserved to the state or municipal court systems given their expertise and professional support staff. *See Reale v. Wake County Human Services*, 480 Fed. App'x. 195, 197 (4th Cir. 2012) (explaining that federal courts lack the power to issue divorce, alimony, or child custody decrees "because of the special proficiency developed by state tribunals over the past century and a half" (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 704, 112 S.Ct. 2206 (1992))). More specifically, as explained below, this Court lacks subject matter jurisdiction

5

over this case under the *Rooker-Feldman* doctrine, and alternatively, the Defendants are entitled to immunity under the Eleventh Amendment. Further, even if this Court did have jurisdiction, there are additional grounds for dismissal against the various Defendants.

I. **Subject Matter Jurisdiction**

   a. **The *Rooker-Feldman* Doctrine**

The *Rooker–Feldman* doctrine bars a federal court action "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281 (2005); *Johnson v. DeGrandy*, 512 U.S. 997, 1005–06 (1994) (providing that a "party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the losing party's claim that the state judgment itself violates the loser's federal rights"); *see also Elyazidi v. SunTrust Bank*, 780 F.3d 227, 233 (4th Cir. 2015). The doctrine precludes "lower federal courts from considering not only issues raised and decided in state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state courts." *Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2009) (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983)); *see also Davani v. Virginia Dep't of Transportation*, 434 F.3d 712, 717 (4th Cir. 2006) ("A federal claim is inextricably intertwined with a state court decision if success on the federal claim depends upon a determination that the state court wrongly decided the issues before it.").

All of the harm alleged by Plaintiff stems from his state court child custody case. (ECF No. 1-1.) As the success of his various claims necessarily depends upon a

6

determination that the state court wrongly decided the issues of physical custody, legal custody, and child support, Plaintiff's claims are inextricably intertwined with the state court decision and this Court therefore does not have subject matter jurisdiction pursuant to the *Rooker–Feldman* doctrine. *See Phifer v. City of New York*, 289 F.3d 49 (2d Cir. 2002) (holding that the plaintiff's claims directly attacking the family court's decisions regarding the custody of her children and visitation rights were barred by *Rooker-Feldman* in addition to her substantive due process and Fourth Amendment claims); *Johnson v. City of New York*, No. 07-4239, 347 Fed. App'x. 850 (3d Cir. Oct. 1, 2009) ("Furthermore, as the District Court determined, to the extent that [the plaintiff] actually seeks review of decisions rendered by the Queens County Family Court, the *Rooker-Feldman* doctrine bars review).

Further, Plaintiff had adequate opportunity to raise the trial court's alleged violations of his federal rights on appeal. As stated by the Supreme Court, "[u]nder our system of dual sovereignty . . . state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States." *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 823 (1990); *see also Bullock v. Napolitano*, 666 F.3d 281, 285 (4th Cir. 2012). Maryland law provides for appellate review of adverse circuit court decisions in the Maryland courts. *See* MD. CODE ANN., CTS. & JUD. PROC. § 12-301 (LexisNexis 2018). Here, the Maryland Court of Special Appeals affirmed Judge Price's decision, and Plaintiff cannot now attempt to invoke this Court's jurisdiction to relitigate his child custody matter. *Cf. Williams v. Wells Fargo Home Mortg.*, Civil Action No. ELH-18-900, 2018 U.S. Dist. LEXIS 55897, at *7 (D. Md. Apr. 2, 2018). Accordingly, this Court lacks the requisite federal

subject matter jurisdiction to review Plaintiff's complaint, and for this reason alone dismissal is warranted.

### b. Sovereign Immunity

Even if this action were not barred under the *Rooker-Feldman* doctrine, the Defendants are entitled to immunity under the Eleventh Amendment. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. AMEND. XI. The United States Supreme Court has extended Eleventh Amendment Immunity to suits by citizens against their own states, explaining that "[t]he ultimate guarantee of the Eleventh Amendment is that non-consenting States may not be sued by private individuals in federal court." *Board of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 362, 121 S.Ct. 955 (2001). The Eleventh Amendment also extends to suits against agents and instrumentalities of the state. *Cash v. Granville Cnty. Bd. of Ed.*, 242 F.3d 219, 222 (4th Cir. 2001).

All of the Defendants are either State entities or officials sued in their official capacity, and therefore the State of Maryland is the real party in interest. *Edelman v. Jordan*, 415 U.S. 651, 662–65 (1974) (finding that if damages would be payable from the state treasury that the state is then the real party in interest even though officials are the nominal parties); MD. CODE ANN., STATE GOV'T. § 12-101(a)(11) (LexisNexis 2018) (defining circuit court judges as "State personnel"); *Ex Parte New York*, 256 U.S. at 500–01 (holding that an action against the state superintendent of public works for damages payable out of state

funds was barred); *Will v. Dep't of State Police*, 491 U.S. 58, 71 (1989) (finding no difference in a suit against a state officer in their official capacity and a suit against the state itself). As the State of Maryland has not waived its sovereign immunity, any claims for damages must be dismissed.

Plaintiff also has not adequately pled a claim for prospective injunctive relief. Known as the *Ex Parte Young* exception, private citizens may petition federal courts to enjoin State officials in their official capacities from engaging in *future* conduct that would violate a federal statute or the Constitution. *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441 (1908). As stated by the Supreme Court, "[i]n determining whether the *Ex parte Young* doctrine avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry' into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. PSC*, 535 U.S. 635 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 269 (1997)); *see also Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011). Although the Complaint repeatedly makes the conclusory allegation that Defendant Price "violated and continues to violate" Plaintiff's rights, he has not pled any facts sufficient to reasonably infer that there are any ongoing violations of federal law. Therefore, the case must be dismissed.[3]

## II. Additional grounds for dismissal

---

[3] Furthermore, as to Defendant Judge Price, he is also protected by both statutory qualified immunity and absolute judicial immunity. MD. CODE ANN., CTS. & JUD. PROC. § 5-522(b) (LexisNexis 2018) ("State personnel, as defined in § 12-101 of the State Government Article, are immune from suit in courts of the State and from liability in tort for a tortious act or omission that is within the scope of the public duties of the State personnel and is made without malice or gross negligence…"); *Barbre v. Pope*, 402 Md. 157, 173 (Md. 2007); *see also D'Aoust v. Diamond*, 424 Md. 549, 596 (2012) (noting that "it is one of the most ancient, fundamental and cherished maxims of the common law, that a Judge should not be liable civilly or criminally, for errors in judgment in the discharge of his office" (quoting *Hiss v. State*, 24 Md. 556, 560–61 (1866))).

9

Even if Queen Anne's County, Circuit Court for Queen Anne's County, and Queen Anne's County Office of Child Support Enforcement were treated as distinct local entities, Plaintiff's claims would still warrant dismissal. First, "the Defendant court system is not a person as defined by 42 U.S.C.A. § 1983." *Olivia v. Boyer*, No. 98-1696, 1998 U.S. App. LEXIS 22317, at *1–2 (4th Cir. Sept. 11, 1998) (holding that a Defendant court system is not a person for purposes of 42 U.S.C.A. § 1983 in a case where the plaintiff sought review of state court proceedings regarding domestic relations orders in federal court). As such, Plaintiff's complaint as to the Circuit Court for Queen Anne's County must be dismissed.

Second, Plaintiff's Complaint against Queen Anne's County additionally must be dismissed for failure to comply with the requirements of the Local Government Tort Claims Act ("LGTCA"). The LGTCA prohibits actions for unliquidated damages against a local government or its employees unless a notice of the claim is given within one year after the injury. MD. CODE ANN., CTS. & JUD. PROC. § 5-304 (LexisNexis 2018); *see also Hansen v. City of Laurel*, 520 Md. 670 (2011) (holding that the notice requirement of § 5-304 is a procedural obligation that a plaintiff must satisfy). Plaintiff's alleged injuries all seemingly stem from the decision issued by the Circuit Court for Queen Anne's County on November 23, 2015. (ECF No. 1-1 at 6.) Plaintiff has failed to proffer any evidence that he complied with the notice requirement of the LGTCA by November 23, 2016. Plaintiff's complaint against Queen Anne's County is therefore dismissed.[4]

---

[4] Further, Plaintiff seeks punitive damages against all defendants, including Queen Anne's County. Both state and federal law prohibits the recovery of punitive damages against the County. MD. CODE ANN., CTS. & JUD. PROC. § 5-303(c) ("A local government may not be liable for punitive damages."); *Robles v. Prince George's County*, 302 F.3d 262 (4th Cir. 2002) (holding that Maryland law prohibits the recovery of punitive damages against a county); *see also Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (holding that municipalities are immune from punitive damages under 42 U.S.C. § 1983).

Third, under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), a 42 U.S.C. § 1983 cause of action may lie against a local government or municipality when execution of the government's unconstitutional policy or custom causes a plaintiff injury. *Walker v. Prince George's Cty., Md.*, 575 F.3d 426, 431 (4th Cir. 2009) (stating that the liability of the municipality only arises where the employees' unconstitutional actions are taken in furtherance of a municipal policy or custom). In order to support a *Monell* claim, "(1) the municipality must have actual or constructive knowledge of the custom and usage by its responsible policymakers, and (2) there must be a failure by those policymakers, as a matter of specific intent or deliberate indifference, to correct or terminate the improper custom and usage." *Randall v. Prince George's County*, 302 F.3d 188, 210 (4th Cir. 2002) (internal quotation marks omitted). Moreover, there must be a "direct causal link" between the policy or custom and the deprivation of rights. *See Bd. Of the Cnty. Comm'rs v. Brown*, 520 U.S. 397 (holding that there must be a "direct causal link between the municipal action and the deprivation of federal rights before a municipality may be held liable" under 42 U.S.C. § 1983); *see also S.P. v. City of Takoma Park*, 134 F.3d 260, 272 (4th Cir. 1998) (holding that a plaintiff must show a direct causal link between the municipal action and the deprivation of federal rights).

In short, a *Monell* claim is a type of § 1983 action in which a municipality is liable "where a policymaker officially promulgates or sanctions an unconstitutional law, or where the municipality is deliberately indifferent to the development of an unconstitutional custom." *Smith v. Ray*, 409 F. App'x 641, 651 (4th Cir. 2011). Furthermore, "there must be numerous particular instances of unconstitutional conduct in order to establish a custom or

11

practice…[a] municipality is not liable for mere 'isolated incidents of unconstitutional conduct by subordinate employees.'" *Smith*, 409 F. App'x at 651 (quoting *Lytle v. Doyle*, 326 F.3d 463, 473 (4th Cir. 2003). Plaintiff's complaint falls well short of demonstrating that his injuries resulted from a custom or practice of the County. His largely conclusory and speculative allegations only reference one isolated incident—the case in the Circuit Court for Queen Anne's County—as the cause of his injury. A single incident cannot establish a custom or practice. BLACK'S LAW DICTIONARY 413 (8th Ed. 2004) (defining custom as "[a] practice that by its common adoption and long, unvarying habit has come to have the force of law"). Plaintiff similarly has not met the second or third prong of a *Monell* claim. Plaintiff's complaint as to the County therefore must be dismissed.[5]

### III. Conclusion

For the reasons stated above, Defendants State of Maryland, Circuit Court for Queen Anne's County, Queen Anne's County Office of Child Support Enforcement, and Judge Frederick Price's Motion to Dismiss (ECF No. 6) and Defendant Queen Anne's County's Motion to Dismiss (ECF No. 8) are GRANTED and Plaintiff's claims are DISMISSED.

A separate Order follows.

Dated: April 17, 2018

Richard D. Bennett
United States District Judge

---

[5] If the Queen Anne's County Office of Child Support Enforcement is a branch of local government, action against it is similarly barred. If it is a branch of the state government it is barred as discussed above. *See supra* Part I.b. Regardless, action against it is barred by the *Rooker-Feldman* doctrine. *See supra* Part I.a.

12